## No. 1015

### WALLINGFORD COAL CO. v. BUCKEYE SUPPLY CO.

No. 20143. Supreme Court

On motion to certify. Dock. Oct. 28, 1926, 4 Abs. 742.

557. FRAUD—Does the fact that a Bradstreet rating was procured take a case, similar to Hamlet v. Letcher, 37 OS. 356, out from under the doctrine therein laid down?

Certain men engaged in the coal business in the City of Cleveland under the name of William H. McFadden. McFadden was a resident of Chicago and knew nothing about this assumption of his name. These men went to Pittsburg and ordered coal for William H. McFadden, a Cleveland man and ordered same shipped to Youngstown and sold it to the Buckeye Supply Co.

The Wallingford Coal Co. asked Bradstreets for a report and Bradstreets went to the office of the coal dealers in Cleveland and got the same information that had been given the Wallingford Company at Pittsburg together with a statement of assets. Upon the foregoing statement of facts the Coal Company contends in the Supreme Court:

That the facts herein are similar to Hamet v. Letcher, 37 OS. 356, and that the Buckeye Supply Co. is liable for the price of the coal to the Wallingford Coal Co.

Attorneys—W. W. Zimmerman for Coal Co.; Moore, Barrum & Hammond for Supply Co.; all of Youngstown.

---

## No. 1016

### RATHBUN v. STATE

No. 20149. Supreme Court

On motion to certify. Dock. 10-29-26, 4 Abs. 742.

480. EVIDENCE—Does fact that defendant is seen to throw away a jug sufficient to justify conviction of possessing liquor?

Howard Rathbun was convicted in the Mayor's court of Granville Ohio on the charge of unlawful possession of intoxicating liquor.

It seems that Rathbun occupied a room in a rooming house, and search was made of all the rooms of said house; but no liquor was found in Rathbun's room. It was claimed that one of the officers making the search saw Rathbun throw a jug from the roof of the house in which he resided to an adjoining roof.

The conviction was affirmed by the Licking Common Pleas and by the Court of Appeals. In the Supreme Court, Rathbun contends that the liquor alleged to have been in his possession could not be attributed to the landlord or other occupants of the rooming house; and that the picking up of a jug for the purpose of throwing it away is not sufficient to warrant a conviction.

Attorneys—F. A. Bolton for Rahtbun; J. D. McNamar for State; both of Newark.

## No. 1017

### B. & O. RD. CO. v. KASKY

No. 20144. Supreme Court

On motion to certify. Dock. Oct. 28, 1926, 4 Abs. 742.

301. CONTRIBUTORY NEGLIGENCE — Is one who goes upon tracks of railroad company at place where safety gates and a watchman are maintained and neither the gates were down nor the watchman attentive to duty, guilty of contributory negligence when she fails to stop, look and listen?

Leona Kasky filed her petition in the Lorain Common Pleas praying for damages for personal injury received by her in crossing the tracks of the B. & O. Rd. in Elyria. The court directed a verdict for the Company upon the close of Kasky's testimony, which was in brief, that she had just arrived at the crossing in a street car which stopped some 25 feet away and as she got off she looked to the south along the tracks there being an unobstructed view, and when she got close to the tracks, looked also to the north but not again in a southerly direction; and that the safety gates maintained at the point were up and the watchman was paying no attention to his duty.

The trial court directed a verdict in favor of the Railroad Company and upon error to the Court of Appeals, the lower court was reversed, the Appeals Court holding "the general rule that pedestrians traveling along a public street in a city is guilty of contributory negligence as a matter of law if, without stopping, looking or listening he goes upon the tracks, does not apply to a place where the railroad company has a watchman and safety gates."

The Railroad Compnay contends in the Supreme Court:

1. That the Appeals Court erred in reversing the lower court because the law holds that a pedestrian must look in both directions before going onto a railroad track and his failure to do so renders him guilty of contributory negligence.

2. That if a person knows or ought to know of the danger at a crossing in time to enable him to avoid it and fails to do so, he cannot recover for his injuries from the railroad company although the latter fails to ring a bell, have gates closed or have a watchman or flagman at the crossing.

3. That a traveler must look and listen for the approach of trains before crossing, and furthermore, that he must look and listen at a place and in a manner that will make the looking and listening effective.

Attorneys—H. C. Johnson for Railroad Co.; Fauver & Fauver, and Samuel Deutsch for Kasky; all of Elyria.